THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BOB BOLUS, SR.,  :
:
    Plaintiff  :
v.  :  3:20-CV-1882
:  (JUDGE MARIANI)
KATHY BOOCKVAR, et al.  :
:
    Defendants  :

**ORDER**

**AND NOW, THIS 23rd DAY OF NOVEMBER, 2020**, upon review of Magistrate Judge Mehalchick's Report and Recommendation ("R&R") (Doc. 4) for clear error or manifest injustice, **IT IS HEREBY ORDERED THAT:**

1. The R&R (Doc. 4) is **ADOPTED** for the reasons stated therein.[1]

2. Plaintiff's request for a preliminary injunction (Doc. 1, at 19-20) is **DENIED**.[2]

---

[1] The R&R's reasoning with respect to Plaintiff's lack of standing as well as Plaintiff's inability to show any likelihood of success on the merits is further supported by the Third Circuit's decision in *Bognet v. Sec'y of Commonweath of Pa.*, --F.3d--, 2020 WL 6686120 (3d Cir. 2020) and the recent District Court decision in *Donald J. Trump for President, Inc. v. Boockvar*, --F.Supp.3d--, 2020 WL 6821992 (M.D.Pa. 2020).

[2] In adopting the R&R, the Court finds the Magistrate Judge's determinations are in accordance with recent Third Circuit case law setting forth the standard for preliminary equitable relief. Specifically,

> . . . to obtain a preliminary injunction the moving party must show as a prerequisite (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured ... if relief is not granted.... [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.
> *Del. River Port Auth. v. Transamerican Trailer Transport, Inc.*, 501 F.2d 917, 919-20 (3d Cir. 1974) (citations omitted).

*Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017). When requesting preliminary equitable relief, the movant "must meet the threshold for the first two 'most critical' factors: it must demonstrate that it can

3. Plaintiff's federal claims are **DISMISSED WITH PREJUDICE**.[3]

4. The Court declines to exercise supplemental jurisdiction over the remaining state law claims, and those claims are **DISMISSED WITHOUT PREJUDICE**.

5. The Clerk of Court is directed to **CLOSE** this action.

                                          Robert D. Mariani
                                          United States District Judge

---

win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief." *Id.* at 179. If these two "gateway factors" are met, a court should then consider the other two factors and determine "in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.*

[3] Preliminarily, the Complaint must be dismissed as Plaintiff lacks standing to bring this action. Further, even if Plaintiff did have standing, the Complaint is one for "Declaratory and Injunctive Relief". In light of Magistrate Judge Mehalchick's analysis, and this Court's Order adopting the R&R's reasoning and conclusion that the request for a preliminary injunction must be denied, nothing remains for further litigation. In addition, because Plaintiff's Complaint only requests relief pertaining to issues and events which have already taken place, Plaintiff's requests, and thus the relief sought in his complaint, are moot. (*See e.g.* Doc. 1, at ¶ 12 (requesting order/declaration/ injunction "prohibit[ing] Defendants from permitting the return of absentee and mail-in ballots to locations other than the respective offices of the county boards of elections. . ."), *id.* (requesting order/declaration/injunction "bar[ring] county election boards from counting absentee and mail-in ballots that lack a secrecy envelope or contain on that envelope any text, mark, or symbol which reveals the electors' identity, political affiliation, or candidate preference"), *id.* (requesting order/declaration/injunction "permit[ting] poll watchers . . . to be present in all locations where votes are cast. . . ."); *see also*, Doc. 1, at 19-20). In any event, for the reasons set forth in the R&R and this Court's Order, Plaintiff's claims are, as a matter of law, not redressable.